FRANKLIN W. ALLEN

vs.

ROCKLAND WHOLESALE GROCERY COMPANY.

Knox.   Opinion October 27, 1923.

*Contract not completed by a meeting of the minds of the parties.*

The plaintiff contended that there was a completed contract made between the parties which cannot now be evaded by the defendant.   The defendant says there was no contract because there was no meeting of the minds upon the subject.   An examination of the circular and letter in reply without any other evidence discloses that the minds of the parties did not meet.

On report.   An action of assumpsit to recover two hundred and fifty-five dollars and interest for "stenographer's transcript" alleged to have been furnished to defendant by plaintiff upon a written order. Defendant filed the general issue and under a brief statement alleged fraud.   The plaintiff contended that the correspondence between the parties constituted an express written contract, while the defendant claims that there was no "meeting of the minds" upon the subject matter involved in the alleged contract.   At the close of the testimony, by agreement of the parties, the case was reported to the Law Court.   Judgment for the defendant.

The case is fully stated in the opinion.

*E. W. Pike*, for plaintiff.

*Charles T. Smalley*, for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, JJ.

HANSON, J.   Action of assumpsit, brought to recover the sum of two hundred and fifty-five dollars and interest for stenographer's transcript, alleged to have been furnished to the defendant by the plaintiff upon its written order therefor, and is before us on report.

The account annexed to the writ follows:—

OFFICIAL REPORTERS

FEDERAL TRADE COMMISSION

September 16, 1921

Unfair Competitive Methods in the Wholesale Grocery Trade
Before the FEDERAL TRADE COMMISSION No. 579
Rockland Wholesale Grocery Co., Rockland, Maine

To HULSE & ALLEN, Dr.
17 East 36th Street
New York

The rate of 15c per page has been fixed by agreement with the Federal Trade Commission.

It is frequently not recognized by our clients that bills rendered by us are not subject to credit terms, but are for services requiring immediate and often advance payment by us, and for which we in consequence should be promptly reimbursed. We therefor anticipate the earliest possible attention to your indebtedness.

For Official Stenographer's transcript of proceedings before the Federal Trade Commission.

Pages 1 to 1666     1 copies 1666 pages at 15 cents
Exhibits 1 to 34     1 copies     34 pages at 15 cents

| | |
|---|---|
| 1700 | 255.00 |
| Int. | 10.25 |
| | 265.25 |

The plaintiff's counsel offered and read in evidence the plaintiff's affidavit under the statute. He also offered the deposition of F. W. Allen, the plaintiff, to which the correspondence in the case is attached, and rested his case.

The charges are based upon the receipt by the defendant of a circular letter, September 9, 1921, offering "copies of the complete official report of hearings before the Federal Trade Commission,"

and the defendant's reply on September 14, 1921, that "we shall be pleased to receive a copy of the Reports of the Federal Trade Commission." The correspondence follows:—

"Unfair Competitive Methods in the Grocery Trade; Federal Trade Commission; docket number 579.

"Dear Sir: If you are interested in the above hearings, involving unfair competitive methods employed by wholesale grocers, and wish to obtain copies of the complete official report of these HEARINGS BEFORE THE FEDERAL TRADE COMMISSION, which are of unusual importance and interest to the grocery trade and which we will furnish, by agreement with the Commission, at the unusually low rate of fifteen cents per page, please advise us promptly so that we may make enough copies to supply you without delay."

In answer thereto, under date of September 14, 1921, the defendant wrote as follows:—

"We have your circular letter of September 9th. We shall be pleased to receive a copy of the REPORTS OF THE FEDERAL TRADE COMMISSION."

The plaintiff forwarded to defendant seventeen hundred pages of testimony being the first installment of data originating in a hearing before the Commission. These pages of testimony the defendant immediately returned, notifying the plaintiff they "did not order anything of the kind." "We supposed we were getting a pamphlet for a few dollars cost, we did not know we were ordering anything of this nature."

Objection was made to the admission of the deposition, while the letters attached were admitted. While there are serious defects in the deposition, there are none that prevent its consideration since so much of it relates to the correspondence already admitted by agreement. It is therefore in the case.

The plaintiff contended that there was a completed contract made between the parties which cannot now be evaded by the defendant. The defendant says there was no contract because there was no "meeting of the minds" upon the subject. An examination of the circular and letter in reply without any other evidence discloses that the minds of the parties did not meet. The plaintiff was thinking about the evidence taken by a stenographer, the other of a report the Commission makes of its decision. The plaintiff offered a "complete official report," and sent a partial report of the evidence. The defend-

ant says he expected a complete report, something in the nature of a pamphlet, and refused to receive a partial report of the evidence, unbound.

The wording of the circular as to the offer, and the reply, show clearly a misunderstanding, and the further correspondence between the parties fortifies the conclusion that however well intentioned, their minds did not meet.

The entry will be

*Judgment for the defendant.*